NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BILLY PIERCE, | : | Civil No. 08-2366 (WJM) |
| Plaintiff, | : | |
| | : | OPINION |
| v. | : | |
| DR. WABBA, | : | |
| Defendant. | : | |

**APPEARANCES**:

>BILLY PIERCE, #14294, Pro Se
>Passaic County Jail
>11 Marshall Street
>Paterson, New Jersey 07501

**MARTINI, District Judge**

Plaintiff Billy Pierce, who is confined at Passaic County Jail, seeks to file a complaint in forma pauperis pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, see 28 U.S.C. § 1915(g), this Court will grant in forma pauperis status to Plaintiff. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights by Dr. Wabba, a physician at Passaic County Jail.  He alleges the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff asserts that Dr. Wabba violated his rights by medically clearing Plaintiff for release from the medical ward of the jail to the general population, even though Plaintiff was still being sent to St. Joseph's Hospital once a week for therapy to his hand.  Plaintiff alleges that Plaintiff previously had a physical altercation with inmate John Armfield, which resulted in re-injury to his hand and a lawsuit (which is pending before the undersigned).  See Pierce v. Passaic County Sheriff's Dep't, Civil No. 07-6135 (WJM) (D.N.J. filed Dec. 21, 2007).[1]

Plaintiff maintains that he does not feel safe in the general population, since his hand has not completely healed and he believes that he may be involved in another physical altercation. Plaintiff asserts that, prior to 2004, he was in state prison for 13 years, but he suffered no injuries; although he has only been confined at Passaic County Jail since 2005, he has been "cut in the face, beat up by correctional officers, sprayed with mace, jumped by inmates, [and] put in danger."  (Compl., docket entry #1, p. 8.)  Plaintiff contends that "I was subjected to be put in 3-5dorm medically cleared by Dr. Wabba.  I'm still being disrespected by these people with

---

[1] In that complaint, Plaintiff asserts that on November 19, 2007, he and John Armfield, who were both confined in the medical ward at the time of the incident, had a physical altercation.  Plaintiff maintains that Armfield assaulted Plaintiff, but because two witnesses informed Internal Affairs that Plaintiff caused the altercation, Plaintiff was found guilty of a disciplinary infraction and housed in disciplinary segregation for 15 days.  Plaintiff further alleges that on November 1, 2007, Plaintiff was jumped by an inmate in the general population and Plaintiff suffered a broken hand.  Plaintiff contends in that action that corrections officers Zhuta and Romeo placed him in harms way, and that Plaintiff hears voices because he suffers with bi-polar disorder.

authority." (Id.)  For relief, Plaintiff states:  "I would [like] the Court to sue for $75,000.00 for my pain & suffering and I wold like justice to be served, like I'm being disrespected by Passaic County Sheriff's Department Bureau of Corrections."  (Id., ¶ 7 at p. 9.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's legal conclusions. See Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see

4

also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A. Unconstitutional Punishment

Since Plaintiff does not indicate that he is a sentenced prisoner and this Court is required to liberally construe Plaintiff's allegations in his favor, this Court will presume for the purposes of this screening that Plaintiff is confined in the jail as a pretrial detainee or other non-sentenced inmate.  While "the due process rights of a [pretrial detainee] are at *least* as great as the Eighth Amendment protections available to a convicted prisoner, Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (citation omitted), the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979), i.e., whether the conditions of confinement amounted to punishment prior to an adjudication of guilt.

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law. See Bell v. Wolfish, 441 U.S. at 535; Hubbard, 399 F.3d at 166. [2] As the Supreme Court explained,

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Bell v. Wolfish, 441 U.S. at 539 (footnote and citation omitted).

The Supreme Court noted that the maintenance of security, internal order, and discipline are essential goals which at times require "limitation or retraction of . . . retained constitutional rights." Bell, 411 U.S. at 546. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. "In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned

---

[2] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

to them." Hubbard v. Taylor, 399 F.3d at 159 (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

The Court of Appeals for the Third Circuit summarized the holding of Bell as follows:

> [A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.

Stevenson v. Carroll, 495 F. 3d 62, 68 (3d Cir. 2007) (citation and internal quotation marks omitted). Moreover, the Third Circuit "distilled the Supreme Court's teachings in Bell into a two-part test. "We must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes." Hubbard v. Taylor, 538 F. 3d 229, 232 (3d Cir. 2008) (citation and internal quotation marks omitted). The Court of Appeals further explained that the Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains an objective component, as well as a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 . . . (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Id. at 298 . . . . The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

Stevenson, 495 F. 3d at 68.

7

In addition, the Third Circuit "has held that a detainee's due process rights to medical care must be at least as great as the Eighth Amendment protections available to convicted prisoners. To demonstrate a constitutional violation, a detainee must show that a prison official was deliberately indifferent to a serious medical need." Adegbuji v. Green, 280 Fed. Appx. 144, 147 (3d Cir. 2008) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Simmons v. City of Philadelphia, 497 F. 2d 1042, 1067 (3d Cir. 1991); Brown v. Borough of Chambersburg, 903 F. 2d 274, 278 (3d Cir. 1990)).

In this case, Plaintiff seeks damages from Dr. Wabba as the sole defendant, but Plaintiff does not complain that he is receiving or has received inadequate medical care from Dr. Wabba. Plaintiff claims, rather, that, while Plaintiff continues to receive weekly therapy sessions at an outside hospital, Dr. Wabba violated Plaintiff's constitutional rights by medically clearing him from continued confinement in the medical ward of the jail. But Plaintiff does not contend that Dr. Wabba is responsible for classifying inmates for the purpose of maintaining jail security, and this Court cannot infer that a medical doctor's responsibilities include security classification. Hence, the Complaint does not assert a § 1983 claim against Dr. Wabba. Because Plaintiff names no other defendant, this Court is constrained to dismiss the Complaint for failure to state a claim upon which relief may be granted. But the dismissal is without prejudice to the filing of an amended complaint within 30 days if Plaintiff believes that he can cure the defects noted in this Opinion by filing an amended complaint which does not duplicate claims pending before this Court or previously dismissed on the merits.[3] See Pierce v. Passaic County Sheriff's Dep't, Civil

---

[3] If Plaintiff files an amended complaint, he should be aware that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be

(continued...)

8

No. 08-4913 (D.N.J. filed Oct. 3, 2008) ;Pierce v. Kaplan, Civil No. 08-3461 (D.N.J. filed July 9, 2008); Pierce v. Aturi, Civil No. 08-1018 (D.N.J. filed Feb. 26, 2008); Pierce v. Passaic County Jail, Civil No. 07-6136 (D.N.J. filed Dec. 21, 2007); Pierce v. Passaic County Sheriff's Dep't, civil No. 07-6135 (D.N.J. filed Dec. 21, 2007).

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days which does not duplicate claims pending before this Court or previously dismissed on the merits.

s/William J. Martini

**WILLIAM J. MARTINI**, U.S.D.J.

Dated: November 25, 2008

---

[3](...continued)
predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).